UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JACK A. CLAYBORNE,

       Plaintiff,

v.                 Case No. 22-cv-95-pp

DOCTOR GODIWALLA,
ANN CHRISTINA STETCHER BORYCZKA,
DEBRA KNISBECK, WELLPATH MEDICAL PROVIDER,
SERGEANT J. POLSIN, SERGEANT KUEHL,
DEPUTY JAIL ADMINISTRATOR HUNDT,
and JAIL ADMINISTRATOR BRUGGER,

       Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

  Jack A. Clayborne, who is incarcerated at U.S. Penitentiary McCreary in Pine Knot, Kentucky and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants failed to provide adequate medical treatment for his shoulder injury and pain while he was detained at Dodge County Detention Facility. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case

without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 27, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $14.83. Dkt. No. 5. The court received that fee on March 11, 2022. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

At the time the plaintiff filed the complaint, he was in custody at the Waukesha County Jail. Dkt. No. 1 at 2, 12. The complaint names Doctors Godiwalla and Christina Ann Stetcher Boryczka, Nurse Practitioner Debra Knisbeck and Wellpath Medical Provider. Dkt. No. 1 at 1. The court will refer to these defendants collectively as the "medical defendants." The complaint also names Sergeants J. Polsin and Kuehl, Deputy Jail Administrator Hundt and

3

Jail Administrator Brugger. Id. at 1. The court will refer to these defendants collectively as the "county defendants." All of the defendants allegedly are employees of Wellpath Medical Provider and/or the Dodge County Detention Facility. Id. at 2. The complaint names the defendants in their individual and official capacities. Id. at 10.

The plaintiff alleges that sometime in 2018, he was injured when HIDTA[1] officers used excessive force against him. Id. at 2. He was taken to a hospital for an evaluation and x-ray. Id. at 2–3. The plaintiff was transferred to Milwaukee County Jail, where he saw medical personnel about his injuries. Id. at 3. Unspecified medical staff prescribed him medicine for head, neck, shoulder and back pain. Id. They also x-rayed the plaintiff's shoulder a second time and prescribed physical therapy for a possible tendon or muscle injury. Id.

In September 2019, after completing only two therapy sessions, the plaintiff was transferred to Dodge County Detention Facility. Id. There, the plaintiff explained to Doctor Godiwalla and unspecified medical staff that at Milwaukee County Jail, he had been taking pain medication and receiving therapy for his shoulder. Id. at 3–4. Godiwalla prescribed the plaintiff ibuprofen but no therapy. Id. at 4. The plaintiff later explained to Godiwalla that the ibuprofen was not helping "fix[] the problems with his shoulder" and that he still was in pain. Id. The plaintiff says he then was given "a different Medication

---

[1] The complaint does not say what "HIDTA" stands for but the court assumes the plaintiff is referring to the Drug Enforcement Administration's "High Intensity Drug Trafficking Areas" program. See https://www.dea.gov/operations/hidta.

(for Arthritis) to which [he] was told to try for 6 months." Id. The plaintiff alleges that he did try the medication but that it did not work. Id.

On March 9, 2021, the plaintiff told Nurse Practitioner Debra Knisbeck that the medication was not "fixing the problems" with his shoulder and that he remained in pain. Id. at 4–5. The plaintiff says that he was given ibuprofen again and told "that there was nothing to be done." Id. at 5. The plaintiff filed an inmate grievance about his medical treatment, but Sergeant Polsin determined the complaint "was unfounded." Id. The plaintiff appealed that decision, but Deputy Jail Administrator Hundt determined that his appeal also "was unfounded." Id. The plaintiff appealed a second time, and Jail Administrator Brugger told the plaintiff that he could put in a request to see "the Doctor" the following Wednesday, April 28, 2021. Id.

The plaintiff filled out a slip to see medical personnel about his shoulder, but says it took over a month for him to be seen. Id. On June 9, 2021, he had an appointment with Doctor Stetcher Boryczka. Id. at 6. She told the plaintiff "that there was nothing to be done except doing the same things [he'd] been trying, like taking the Medication, stretching, rotating exercises, etc., etc." Id. The plaintiff explained to her "repeatedly" that those treatments were not fixing the problems with his shoulder and that he still was in pain. Id.

The same day, the plaintiff filed a second grievance about his shoulder pain. Id. Sergeant Kuehl dismissed it as unfounded. Id. The plaintiff appealed, and Hundt found the appeal unfounded. Id. The plaintiff filed a second appeal, and Brugger responded that he "consulted with medical and ha[d] no reason to

5

Case 2:22-cv-00095-PP   Filed 10/13/22   Page 5 of 16   Document 14

question [the plaintiff's] care." Id. at 6–7. The plaintiff asserts he exhausted all available administrative remedies. Id. at 7.

The plaintiff says he believes his shoulder is dislocated because it "constantly pops/cracks all the way from [his] right shoulder to [his] left shoulder possibly [his] collarbone." Id. He says it "hurts and feels like it's popping in and out of place all day for no reason." Id. The plaintiff says he's tried resting, stretching, rotating his shoulder and "working out light," but that nothing has worked to correct the shoulder problems or alleviate the pain. Id. He maintains that Doctors Godiwalla and Stetcher Boryczka and Nurse Practitioner Knisbeck have failed to address his pain, and he requests that someone "experienced in this area" examine his shoulder. Id. at 8.

The plaintiff asserts that the medical defendants' failure to treat him constitutes medical malpractice and deliberate indifference in violation of his Fourteenth Amendment rights. Id. at 8–9. He asserts that the sergeants and jail administrators "share some responsibility" because they "cover[ed] up the constitutional violations using their position of authority." Id. at 9. The plaintiff seeks an injunction ordering the medical defendants "to stop being Deliberate Indifferent [*sic*] to serious medical needs." Id. at 9–10. He seeks a second injunction ordering the county defendants "to stop covering up the Constitutional violations using their position of Authority at" the Dodge County Detention Facility. Id. at 10. The plaintiff also seeks $250,000 in damages. Id. at 10–11.

C.  Analysis

1. *Official Capacity*

Claims against an official in his official capacity represent another way to plead a claim against the entity that the official represents or for which the official works. Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, n.55 (1978)). The plaintiff alleges that the defendants work for either Wellpath or the Dodge County Detention Facility. Although in some circumstances, a business like Wellpath may be found liable under §1983, a jail—like Dodge County Detention Facility—cannot. See Smith v. Knox Cty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). But a county or municipality, like Dodge County, may be a proper party under §1983. The court will construe the plaintiff's claims against the defendants in their official capacities as claims against either Wellpath or Dodge County.

The plaintiff does not explain who "Wellpath Medical Provider" is. The court assumes he is referring to a private corporation that provides health care services to individuals in correctional facilities. See https://wellpathcare.com/about/. "Under *Monell v. Department of Social Services*, local governments—and private corporations acting under color of state law—are liable for constitutional torts arising from their policies and customs." Stockton v. Milwaukee Cty., 44 F.4th 605, 616 (7th Cir. 2022) (citing Monell, 436 U.S. 658, 690 (1978); Shields v. Ill. Dep't of Corr., 746 F.3d 782, 789-96 (7th Cir. 2014)). The plaintiff must allege "that his injury was caused by a [corporation] policy,

custom, or practice of deliberate indifference . . . or a series of bad acts that together raise the inference of such a policy." Shields, 746 F.3d at 796 (citing Woodward v. Corr. Med. Servs. of Ill., Inc., 368 F.3d 917, 927 (7th Cir. 2004)). The question is "whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." Reck v. Wexford Health Sources, Inc., 27 F.4th 473, 487 (7th Cir. 2022) (quoting Glisson v. Ind. Dep't of Corr., 849 F.3d 372, 379 (7th Cir. 2017) (*en banc*)).

The plaintiff has not alleged that the medical defendants were deliberately indifferent to his shoulder injury and the related pain because of a Wellpath policy or custom. He has alleged that the individual medical defendants, through their own actions or inaction, committed medical malpractice or were deliberately indifferent to his pain. These allegations do not state a claim against Wellpath. The court will dismiss the official capacity claims against the medical defendants.

Like a private corporation, a local government, such as a municipality or county, "cannot be held liable *solely* because it employs a tortfeasor." Monell, 436 U.S. at 691 (emphasis in original). A municipality may "be held liable under § 1983 only for its own violations of federal law." Los Angeles Cty. v. Humphries, 562 U.S. 29, 36 (2010) (citing Monell, 436 U.S. at 694). To state a claim for municipal liability, a plaintiff "must demonstrate that there was an 'official policy, widespread custom, or action by an official with policy-making authority [that] was the "moving force" behind his constitutional injury.'"

Estate of Perry v. Wenzel, 872 F.3d 439, 461 (7th Cir. 2017) (quoting Daniel v. Cook Cty., 833 F.3d 728, 734 (7th Cir. 2016)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479–80 (1986) (emphasis in original)).

The plaintiff has not alleged that he suffered an injury because of an unconstitutional policy or custom of Dodge County. As he did with the medical defendants, he has alleged that the county defendants individually violated his rights by dismissing his administrative complaints as unfounded. These allegations do not state a claim against Dodge County. The court will dismiss the official capacity claims against the county defendants.

### 2. *Individual Capacity*

The plaintiff alleges that the defendants failed to provide adequate medical treatment for his shoulder injury and the resulting pain. These allegations can constitute a claim under either the Eighth or Fourteenth Amendment, depending on whether the plaintiff was a pretrial detainee or a convicted person at the time of the events he describes. The plaintiff does not state whether he was a pretrial detainee or a convicted person, but because this court presided over his federal criminal case (during which he was detained at the Milwaukee County Jail, the Dodge County Detention Facility and the Waukesha County Jail because there is no federal pretrial holding

facility in Wisconsin), the court is aware that he was a pretrial detainee from 2018 through January 2022.[2] That means that his claims of inadequate medical care arise under the Fourteenth Amendment. See Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018). Under the Fourteenth Amendment, the plaintiff must show only that the medical care he received was objectively unreasonable; he is not required to show that any defendant was subjectively aware that the medical treatment was unreasonable. Id. (citing Kingsley v. Hendrickson, 576 U.S. 389 (2015)).

The complaint states a claim for inadequate medical treatment. The plaintiff alleges that he repeatedly complained of a problem with his shoulder and of shoulder pain, but he was given only ibuprofen and stretching exercises. The plaintiff alleges that he took his medication and performed his exercises but that these did not correct whatever was wrong with his shoulder or relieve the pain. He says he told the medical defendants this—repeatedly—but that they either declined or refused to try other treatments and merely told him there was nothing else they could do. Although it is not necessarily deliberate indifference when a medical professional is unable to resolve an incarcerated person's medical issue or relieve the person's pain, it *may* constitute deliberate indifference if the medical professional "doggedly persist[s] in a course of treatment known to be ineffective." Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005). That is what the plaintiff alleges the medical defendants did. The complaint sufficiently alleges that the plaintiff was suffering from an objectively

---

[2] United States v. Jack A. Clayborne, Case No. 18-cr-108-pp (E.D. Wis.).

serious medical issue (some mechanical problem with his shoulder that caused him pain and discomfort), that the medical defendants were aware of it and that they failed to provide adequate medical treatment. He may proceed on his claim of deliberate indifference against Doctors Godiwalla and Stetcher Boryczka and Nurse Practitioner Debra Knisbeck.

The plaintiff also seeks to proceed against Wellpath, which he alleges employs the medical defendants. Wellpath is not a "person" that may be sued under §1983. It is a private business or corporation. As noted, the plaintiff may proceed against Wellpath only if he alleges that the defendants were acting according to a policy or custom of Wellpath when they inadequately treated his shoulder pain. See Shields, 746 F.3d at 796. The plaintiff has not alleged a custom or policy that led to his inadequate treatment, so he has not stated a claim Wellpath. He may not proceed against Wellpath in any capacity, and the court will dismiss Wellpath as a defendant.

The plaintiff also seeks to proceed against the medical defendants on a claim of medical malpractice. Medical malpractice does not violate the Constitution. See Estelle, 429 U.S. at 106; Brown v. Peters, 940 F.3d 932, 937 (7th Cir. 2019). But a plaintiff may raise a claim of medical malpractice under state law. Because the facts underlying the plaintiff's medical malpractice claim are the same as those underlying his deliberate indifference claim, the court will exercise supplemental jurisdiction over the plaintiff's state law medical malpractice claim against the medical defendants. See 28 U.S.C. §1367(a).

The plaintiff asserts that the county defendants were deliberately indifferent to his medical needs. Although the county defendants are not medical professionals and were not responsible for providing medical treatment, the plaintiff asserts that they attempted to cover up the fact that he received inadequate medical treatment by dismissing his administrative grievances about the treatment. The plaintiff has not alleged any facts that support his claim that these defendants attempted to cover up anything. He alleges only that when he filed grievances, the county defendants denied them. That is part of a complaint examiner's job.

> One can imagine a complaint examiner doing her appointed tasks with deliberate indifference to the risks imposed on prisoners. If, for example, a complaint examiner routinely sent each grievance to the shredder without reading it, that might be a ground for liability. *See Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir. 2005); *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996). Or a complaint examiner who intervened to prevent the medical unit from delivering needed care might be thought liable. *See Hernandez v. Keane*, 341 F.3d 137 (2d Cir. 2003); *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004).

Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). But

> "[r]uling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). Without more, a complaint examiner who denies a grievance, or rejects an appeal from a denied grievance, is not deliberately indifferent.

The plaintiff implies that when the complaint examiners learned of his allegations that he was not receiving adequate medical care, they had a duty to

do something about it. That is not the case: "[p]ublic officials do not have a free-floating obligation to put things to rights . . ." Burks, 555 F.3d at 595. "Section 1983 establishes a species of tort liability, and one distinctive feature of this nation's tort law is that there is no general duty of rescue." Id. at 596 (citing DeShaney v. Winnebago Cty. Dep't of Social Services, 489 U.S. 189 (1999)). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Id. at 596.

The county defendants did not violate the plaintiff's rights by denying his grievances about his allegedly inadequate medical treatment. The court will dismiss them from this lawsuit.

Finally, the plaintiff seeks injunctive relief and damages. But he is no longer incarcerated at Dodge County Detention Facility and is no longer receiving allegedly inadequate medical treatment from the medical defendants. Because the plaintiff is no longer at Dodge County, and because he does not allege a likelihood that he will return there in the future, his request for injunctive relief is moot. See Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011) (concluding that prayer for injunctive relief was moot because plaintiff was transferred to a different facility and failed to allege "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains"); Ortiz v. Downey, 561 F.3d 664, 668 (7th Cir. 2009) (same).

This case will proceed against the medical defendants in their individual capacities for damages only.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Wellpath Medical Provider, J. Polsin, Sergeant Kuehl, Deputy Jail Administrator Hundt and Jail Administrator Brugger.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants Doctor Godiwalla, Ann Christina Stetcher Boryczka and Debra Knisbeck under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Godiwalla, Stetcher Boryczka and Knisbeck to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$335.17** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's

trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at U.S. Penitentiary McCreary.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or

transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

Dated in Milwaukee, Wisconsin this 13th day of October, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**