**JACK A. CLAYBORNE,**

   Plaintiff,

v.                 Case No. 22-cv-95

**DOCTOR GODIWALLA,** *et al.,*

   Defendants.

# ORDER

   On April 18, 2024, the defendants filed a motion to seal the medical records of *pro se* plaintiff Jack A. Clayborne, which they submitted in support of their motion for summary judgment. (ECF No. 42.) "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strong prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). In the case of medical records, there needs to be good cause to restrict the medical records. *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009). Restricting the medical records is appropriate where "a plaintiff's interest in privacy outweighs the probative value of the information contained in the records." *Mathhews v. Waukesha Cty*, 2012 WL 695669 at *12 (E.D. Wis. March 1, 2012) (citing *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006)).

The exhibits, which are over 400 pages, contain a lot of personally identifiable information, such as Clayborne's date of birth. This information justifies protection. However, instead of sealing the documents, the court will simply restrict them, limiting their access only to the parties and appropriate court staff.

**IT IS HEREBY THEREFORE ORDERED** that the defendants' motion to seal (ECF No. 42) is **GRANTED in part and DENIED in part**. Instead of sealing the exhibits, the court will restrict them as described above.

Dated at Milwaukee, Wisconsin this 5th day of June, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge